## THOMAS and others *v.* ARMSTRONG and others.

*(Circuit Court, W. D. Missouri, W. D.    May Term, 1882.)*

**1. ESTATES OF DECEASED—DESCENT AND DISTRIBUTION.**

Where a second wife recovered judgment against a railroad company for the death of her husband by its negligence, and invested the proceeds thereof for the benefit of her children and subsequently died, her heirs hold the estate in trust for themselves and the heirs of their father by a prior marriage, and the property or the proceeds thereof should be divided equally among the two sets of heirs.

**2. SAME—RIGHTS OF HEIRS BY FIRST MARRIAGE.**

Where heirs of a first marriage were in some way induced to believe that they were not entitled to any part of their money coming from their deceased father's estate until the youngest came of age, their delay until that time to assert their claims is not such laches as will deprive them of their rights.

In Equity.

*French & Dunlap*, for complainants.

*Jenkins & Twitchell*, for respondents.

KREKEL, D. J.    The controversy in this case is between two sets of children of Michael Armstrong, who at the time of his death resided in the state of Pennsylvania. He was killed in that state by the Catawissa Railroad in 1862. Armstrong was married twice: first with Mary A. Armstrong, of which marriage there are three children, the present plaintiffs, and next with Margaret Armstrong, of which marriage there are also three children, the present defendants.

The laws of Pennsylvania in force at the time of the killing authorized the surviving widow to sue the railroad company for damages on account of the wrong, but required that the children of the deceased should be named in the declaration, and provided further that the money recovered should be divided by giving the widow one-third and the children the remainder in equal parts. Armstrong, the deceased, seems to have had so little property at the time of his death that no administration was had on his estate until long after his death, and then for the purpose of selling a small interest in a tract of land. The widow, Margaret Armstrong, sued the railroad company and recovered a judgment, which, after deducting attorney fees, costs and expenses, amounted to $3,044.20, the whole of which was paid to her by her attorneys in 1866. At that time the complainants in this bill, the heirs by the first marriage, were minors, girls,—12, 14 and 16 years old,—all married now; and they and their husbands are prosecuting this suit. The widow, Margaret Armstrong, removed from Pennsylvania in 1872, and came to Kansas City, where she bought three lots in the west depot addition. One of these lots was sold under a deed of trust she had given. After living at Kansas City until 1876, she returned to Pennsylvania, and there died in that year. Her estate in Missouri has been administered, all the debts paid, and the two lots remaining of her purchase are in possession of defendants and claimed by them as her heirs.

The testimony in the case, with reasonable certainty, shows that the money she received from the railroad company on account of the death of her husband was used in the purchase and improvement of the property she owned in Kansas City, and the question is, shall it be subjected to lien to the extent of the claim of the children of the first marriage? That these children were entitled to one-half of the judgment recovered against the railroad company, after deducting one-third thereof, which came to her as widow, is not disputed, nor is it seriously questioned that the children of the first marriage were entitled to a share thereof. Laches is the plea by which their claim is sought to be defeated, and it is said that the probate court is the proper tribunal to adjudicate their rights. It may be true that the probate court in Missouri, having charge of her estate, might have allowed the claim of the complainants if presented, the consequence whereof would have been to sell and dispose of the remainder of her real estate, there being nothing else to satisfy such a claim. These defendants were certainly interested in not having the matter settled in that way, for it would have taken the whole of the estate. But it

is argued that complainants are barred on account of their laches. The testimony tends to show that the children of the first marriage were in some way induced to believe that they were not entitled to any part of their money until the youngest sister came of age. As soon as this happened they took steps to recover their dues. They were in Pennsylvania, the property in Missouri. They cannot well be told that their delay shall deprive them of their rights, provided they can show the property or the proceeds thereof, when by doing so they cannot possibly wrong anybody, unless it be a wrong to point out to their relations that what they supposed they were heirs to, others had an interest in. The statute of limitations presents no bar, nor are the claimants bound to resort to law to obtain their rights. Being satisfied from the evidence in the case that the proceeds of the railroad judgment went into and constituted the fund by which the property of Margaret Armstrong was bought and improved, the judgment and decree of the court will be that the real estate in controversy be declared trust estate, to be sold for the benefit of the children of the first and second marriage; that an account be taken of valuable and lasting improvements made by the defendants, or either of them; the payment of taxes, insurance, and the value of the rents since the defendants had possession thereof. On the coming in of the master's report the proceeds will be equally divided between the complainants and respondents.